IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                   CRIMINAL NO: 13-40021(004)

LAMARIO D. HENDERSON                                            DEFENDANT

## ORDER OF DETENTION

        The record reflects that on January 29, 2014, LAMARIO D. HENDERSON, ("Defendant") was indicted and charged with three counts of methamphetamine trafficking in violation of 21 U.S.C. §§ 841 and 846.   Second Superceding Indictment, ECF No. 57. Defendant was arrested and appeared for an initial appearance and arraignment on March 7, 2014.   ECF No. 66.   The Government orally moved for detention and Defendant initially waived a detention hearing but later requested such a hearing.  The Court conducted a detention hearing on March 17, 2014.  ECF No. 14.

        The Government called no witnesses.  The Government proffered certain information to the Court, including, the nature of the charges, Defendant's conduct leading to the charges, and Defendant's criminal history.  The Government also proffered evidence of Defendant's likely untruthful testimony before this court on August 30, 2013, at the detention hearing of co-defendant Laquan D. Haynes.  The Government proffered the facts of Defendant's involvement in a homicide in Hope, Hempstead County, Arkansas on June 24, 2013, wherein the Defendant was beaten and tortured to divulge information regarding an associate of his whom was later murdered by the same individuals who tortured the Defendant.  Defendant has not cooperated with law enforcement regarding this homicide.  Finally, the Government proffered evidence the Defendant began carrying

a firearm and continued to distribute methamphetamine following the June 2013, homicide.

The Defendant called Watson Henderson as a witnesses. Mr. Henderson testified he was Defendant's father, and the Defendant had lived with him for essentially his entire life in Hope, Arkansas. Mr. Henderson also testified Defendant could continue to reside with him if released. Finally, Mr. Henderson testified he would assist the Court and U.S. Probation Office in making sure Defendant complied with any conditions of pre-trial release imposed.

The Court reviewed and took notice of the information and recommendation contained in the Pretrial Service Report ("PTSR") of the United States Probation Office. The PTSR recommended detention without bond for Defendant.

The Court having considered the PTSR, the proffer of the Government, testimony from the witnesses and arguments of counsel finds as follows:

**Findings of Fact**:

1. Defendant is indicted in Count 1 of the Second Superceding indictment with Conspiracy to possess with intent to distribute methamphetamine. He is charged in Counts 7 and 8 with distribution of methamphetamine. The Government indicates it has audio and video recordings of Defendant distributing methamphetamine to a Government source on two occasions in September 2013.

2. The PTSR indicates Defendant has no prior felony criminal record. However, he does appear to have been cited by the District Court of Hempstead County, Arkansas more than twenty (20) times for failure to comply with that court's orders.

3. Defendant was assaulted and tortured on June 24, 2013, by individuals who apparently

wanted to know where Defendant and his co-conspirators had hidden drugs and money. Shortly after the assault, another of Defendant's acquaintances was murdered. Defendant has not cooperated with state law enforcement in the investigation of this homicide.

4. Defendant has carried a firearm and continued to distribute controlled substances following the assault in June 2013. He was actually videoed selling methamphetamine to a law enforcement source on September 12 and 19, 2013.

5. Defendant has significant ties to the community in that his family are life long residents of Hempstead County, Arkansas. He is not employed. There was no evidence Defendant himself owned any property in the community.

6. Defendant testified in a detention hearing on August 30, 2013, that a car allegedly used in a drug trafficking case against Laquan D. Haynes, was actually owned by Defendant and that he had paid for it in Little Rock, Arkansas. Defendant later gave a statement to Federal law enforcement officers that this same car while titled in his name, was actually paid for and used by Laquan D. Haynes. Defendant has either testified untruthfully or made a false statement to law enforcement.

**Conclusions of Law**:

The Court has reviewed the information presented in this case. After considering that information and the factors set out in 18 U.S.C. § 3142(g), the Court makes the following conclusions:

1. There is a presumption of detention in this case. Defendant is charged with a drug trafficking crime.

2. There is probable cause to believe Defendant committed the crime charged and the great weight of the evidence and information submitted at this hearing indicates the Defendant is likely to be convicted of the crime charged in this case.

3. The Defendant, based on charges in this case, the violence which has already occurred in connection with the conspiracy charged, and Defendant's alleged decision to carry a firearm and continue selling methamphetamine after he was assaulted and another person killed, evidences great risk to the safety of the community were he to be released.

4. Defendant has a history of failing to follow the orders of courts in Hempstead County. The Court concludes Defendant is unlikely to follow any conditions set by this Court aimed at assuring the safety of the community.

The Court finds by clear and convincing evidence that Defendant constitutes a danger to other persons and the community. Further, the Court finds there is no condition or set of conditions which could reasonablely assure the safety of other persons or the community. The Court finds there are no set of conditions which it could reasonably expect Defendant to follow if he were allowed to be released pending trial.

The Court does not find Defendant to be a risk of non-appearance.

The Defendant is remanded to the United States Marshal Service pending trial.

**SO ORDERED** this **17th day of March 2014.**

   /s/ Barry A. Bryant  
HONORABLE BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE